**UNITED STATES of America**

**v.**

**Leon BERRY, Appellant.**

**No. 09–3480.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 5, 2009.

Opinion filed Nov. 16, 2009.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Leon Berry, Bennettsville, SC, pro se.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

### OPINION

**PER CURIAM.**

On February 7, 2007, the United States District Court for the District of New Jer-

---

sey sentenced Leon Berry to a term of fifty months in prison following his plea of guilty to one count of unlawful possession of a weapon by a convicted felon. On May 18, 2009, Berry filed a motion in the District Court styled as a "Motion for Correction of Sentence," arguing that his federal sentence has not been properly credited for time served in state custody on other charges. The government responded that, because Berry's motion challenges the Bureau of Prison's computation of credit that he alleges is accountable toward his federal sentence, he must pursue his claims in a habeas corpus proceeding under 28 U.S.C. § 2241, naming his current custodian as the proper respondent.[1] The District Court agreed, denying Berry's "Motion for Correction of Sentence" without prejudice to any administrative or civil proceeding concerning the calculation of credit toward the federal sentence. Berry timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. After a careful review of the record, we conclude that this appeal presents "no substantial question," 3d Cir. IOP Ch. 10. 6, and thus we will summarily affirm the District Court's judgment.[2]

Because Berry's challenge is to his sentence as executed by the Bureau of Prisons, including his claim to credit against the sentence for time served in state custody, that challenge must be raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Grimes*, 641 F.2d 96, 100 (3d Cir.1981). A petition under § 2241 must be filed in the district in which the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 447, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Berry, as noted, is presently confined at a federal prison in South Carolina. The District Court thus properly dismissed Berry's motion challenging the execution of his sentence without prejudice to Berry's right to pursue administrative remedies available through the Bureau of Prisons, and, if necessary, a habeas corpus petition under § 2241 in his district of confinement.

For these reasons, the District Court's judgment will be affirmed.

---

1. Berry is currently housed at FCI–Bennettsville in South Carolina.

2. We have fully considered Berry's "Informal Opening Appeal Brief" in reaching this disposition.